UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

|                              |                                      |
|------------------------------|--------------------------------------|
| RICKEY A. CUBIT,             )                                    |
|        Movant,               )                                    |
|   vs.                        ) Case No. 09-0462-CV-W-ODS-P        |
|                              ) Crim. No.08-00020-01-CR-W-ODS     |
| UNITED STATES OF AMERICA,    )                                    |
|        Respondent.           )                                    |

## ORDER AND OPINION DENYING MOTION FOR POSTCONVICTION RELIEF

Pending is Rickey A. Cubit's 28 U.S.C. § 2255 motion seeking to vacate, set aside, or correct his sentence (Doc. # 1). Cubit's motion is denied.

## I. BACKGROUND

On January 23, 2008, a Kansas City Missouri Police Department confidential source identified Cubit as a crack cocaine distributor and gang member. The confidential source provided information that Cubit would be picking up powder cocaine from one unknown residence and then travel to another unknown residence to cook the cocaine into crack.

Investigators initiated surveillance of Cubit on January 23, 2008 and observed him drive from his employment in Lenexa, Kansas to a residence in Kansas City, Missouri. Cubit then traveled to another residence in Kansas City. When Cubit departed from the second residence, law enforcement attempted to stop Cubit's vehicle by activating their lights and siren, but Cubit attempted to elude officers. During the chase, Cubit quickly changed lanes without using a turn signal, causing other vehicles to take evasive actions to avoid being struck. Cubit eventually was forced to stop after

he drove over some stop sticks.

Officers arrested Cubit and a K-9 unit was dispatched to the scene. The police dog alerted to the presence of narcotics inside the vehicle and officers conducted a search, finding 85.6 grams of crack cocaine. Cubit later spoke with law enforcement after being advised of his *Miranda* rights and admitted to storing the crack cocaine in his car.

The United States charged Cubit with knowingly and intentionally possessing 50 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A). Although Cubit's lengthy criminal history combined with the severity of his offense meant he faced a mandatory life imprisonment sentence, the parties negotiated a plea agreement providing that the government would only seek one enhancement pursuant to 21 U.S.C. § 851 for a mandatory minimum sentence of 240 months' imprisonment. If Cubit refused the plea agreement, the United States intended to seek the additional enhancement subjecting him to a life sentence.

Cubit pled guilty on August 20, 2008. At the plea hearing, Cubit stated that he was satisfied with his counsel's performance and that she had done everything he had asked to her do. However, Cubit subsequently filed a motion to withdraw his plea, contending that prior to pleading guilty his counsel failed to adequately research and file a motion to suppress the crack cocaine seized by law enforcement. On March 19, 2009, this Court orally denied Cubit's motion to withdraw his plea and sentenced him to 240 months' imprisonment. Cubit did not appeal his conviction or sentence.

On June 15, 2009, Cubit filed the instant motion alleging that his counsel's failure to file a motion to suppress resulted in ineffective assistance of counsel which forced him to plead guilty. The United States has filed a response arguing that the motion, records, and files of the case conclusively show that Cubit is not entitled to relief.

## II. DISCUSSION

If the motion, files, and records of the case conclusively show that Cubit is not entitled to relief, Cubit's motion can be resolved without a hearing. *See* 28 U.S.C. §

2255(b). Cubit's allegation that he received ineffective assistance of counsel requires him to establish that his counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability he would have insisted on going to trial but for counsel's errors. *U.S. v. Davis*, 583 F.3d 1081, 1091 (8th Cir. 2009).

Cubit has not shown that his counsel's performance was deficient. Cubit's allegation that his counsel failed to file a motion to suppress is contrary to his sworn statements at the plea hearing, where he stated that he was satisfied with his counsel's performance and that she had done all he had asked her to do. Cubit does not explain this discrepancy.[1] Cubit's sworn statements are entitled to reliance and are not refuted by his conclusory post-hoc allegations. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Cubit also has not shown prejudice. To show prejudice, Cubit must demonstrate that his Fourth Amendment claim is meritorious. *See Williams v. Locke*, 403 F.3d 1022, 1026 (8th Cir. 2005). Cubit argues the evidence against him should have been suppressed for three reasons: (1) law enforcement did not have reasonable suspicion to stop him; (2) law enforcement did not have probable cause to arrest him; and (3) the warrantless search of his vehicle was invalid. None of these arguments have merit.

First, the stop of Cubit's vehicle did not violate the Fourth Amendment. Law enforcement can stop a vehicle if–at the time of the seizure–the totality of the circumstances provides officers a particularized and objective basis for suspecting criminal activity. *See U.S. v. Martinez-Cortes*, 566 F.3d 767, 769 (8th Cir. 2009). Law enforcement received information from a confidential source that Cubit would travel to two different residences to buy cocaine and then convert it into crack. After officers subsequently observed Cubit visit two residences, they attempted to stop his vehicle and Cubit fled. During the chase, Cubit failed to signal while changing lanes and caused other vehicles to take evasive actions to avoid being hit. Considering all the

---

[1] The Court notes that if Cubit had not pled guilty, the United States intended to seek an additional enhancement under 21 U.S.C. § 851, which would have subjected Cubit to a potential life sentence. The possibility of life imprisonment no doubt motivated Cubit to accept the plea deal.

information available by law enforcement at the time of the stop, the Court holds that reasonable suspicion existed to stop Cubit's vehicle. *See Slusarchuk v. Hoff*, 346 F.3d 1178, 1182 (8th Cir. 2003) (holding that traffic violation committed when suspect refused command to stop and fled at high speed gave officers probable cause); *State v. Sims*, 639 S.W.2d 105, 107-08 (Mo.Ct. App. 1982) (holding that even if officer did not have reasonable suspicion of criminal activity at the time contact with suspects was attempted, "the immediate departure of the vehicle when the officer approached and the attempt to elude pursuit amply justified belief by the officer that criminal activity was afoot.") Cubit contends that his flight from law enforcement cannot be used to justify the stop because officers provoked him to flee when they attempted to stop him. Cubit is correct that officers cannot provoke a person into fleeing and then use the flight as a basis for reasonable suspicion. *See U.S. v. Franklin*, 323 F.3d 1298, 1302 (11th Cir. 2003). However, the test for provocation is whether a reasonable innocent person would have fled. *Id.* Cubit alleges no facts demonstrating that a reasonable innocent person would have led law enforcement on a high speed chase when officers initially attempted to stop him. Cubit's argument fails.

Second, the arrest of Cubit did not violate the Fourth Amendment. A warrantless arrest complies with the Fourth Amendment when the available facts and circumstances are sufficient to warrant a person of reasonable caution to believe that an offense was being or had been committed by the person to be arrested. *U.S. v. Houston*, 548 F.3d 1151, 1154 (8th Cir. 2008). Cubit contends that the information provided by the confidential source and the officer's surveillance did not provide probable cause to arrest him. However, this information coupled, with Cubit's "deliberately furtive actions and flight," warranted officers in believing that Cubit was in possession of narcotics. *Sibron v. New York*, 392 U.S. 40, 66-67 (1968). Moreover, law enforcement observed Cubit quickly change lanes during the chase without signaling in violation of Mo. Rev. Stat. § 304.019.1. Cubit's commission of a traffic infraction in law enforcement's presence provided an independent basis to arrest Cubit. *See U.S. v. Vanhoesen*, 552 F. Supp. 2d 335, 341 (N.D.N.Y. 2008) ("Defendant's reckless driving and failure to stop after a collision, both observed by several police officers, gave the police independent

justification to arrest Defendant . . . ."); *see also Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) (ruling that arrests for minor criminal violations do not violate Fourth Amendment).

Third, the subsequent search of Cubit's vehicle following his arrest was valid. According to the presentence investigation report, a K-9 unit was dispatched to the scene and a drug dog alerted to the presence of drugs inside the vehicle. So long as the drug dog was reliable, its alerting to Cubit's vehicle gave officers probable cause to search. *U.S. v. Donnelly*, 475 F.3d 946, 955 (8th Cir. 2007). Cubit does not allege that the drug dog was unreliable and even admits that "[o]nce the dog alerted[,] that gave the officers probable cause to search." Rather, Cubit's argument is that the search was unlawful because it was performed without a warrant. This argument fails because warrantless searches of vehicles are valid; the officers only need probable cause to search. *U.S. v. Davis*, 569 F.3d 813, 816 (8th Cir. 2009). Since officers had probable cause to search Cubit's vehicle, the Fourth Amendment was not violated.

Since Cubit has not shown that his motion to suppress would have been meritorious, Cubit has failed to demonstrate prejudice. Cubit has alleged no facts showing ineffective assistance of counsel.

### III. CONCLUSION

The motion, files, and records of this case conclusively show that Cubit is not entitled to relief on his claim of ineffective assistance of counsel. Cubit's 28 U.S.C. § 2255 motion is denied.

IT IS SO ORDERED.

                                              /s/ Ortrie D. Smith
                                              ORTRIE D. SMITH, JUDGE
DATE: December 16, 2009             UNITED STATES DISTRICT COURT